IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01902-KAS

JOHN ROBERT SUNDLOF, and
OLUWATOMISIN OGBEDE,

    Plaintiffs,

v.

NATIONAL VISA CENTER, U.S. DEPARTMENT OF STATE,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion to Dismiss** [#13]. Plaintiffs filed a Response [#19] and Defendant filed a Reply [#21]. The Court has reviewed the parties' briefs, the record from the January 21, 2026 motion hearing, and the applicable law. For the reasons discussed below, Defendant's Motion [#13] is **granted**.[1]

## I. Background

On June 17, 2025, Plaintiffs John Sundlof and Oluwatomisin Ogbede, both husband and wife, filed a Complaint [#1], seeking mandamus relief for what they contend is unreasonable delay concerning the processing of an I-130 relative visa petition ("Petition") that Plaintiff Sundlof filed for Plaintiff Ogbede. *See generally Compl.* [#1]. If the Petition is approved, Plaintiff Ogbede, a Nigerian national, would receive a visa to come to the United States to be with her husband, a United States citizen. *Compl.* [#1] ¶¶

---

[1] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. *See* [#9]; *Order of Reference* [#10].

2-3, 20. For Plaintiffs, the Petition has taken on great urgency following Plaintiff Ogbede's stage 3 cancer diagnosis. *Id*. ¶¶ 3, 20. Plaintiffs assert that Ms. Ogbede would receive better medical treatment in the United States than in Nigeria and she would benefit from the physical, in-person support of her husband. *Id*. ¶ 3.

According to the Complaint, the Petition was approved in March 2023, after which it was transferred to the National Visa Center, "where it is still pending with constant, relentless, and nonstop delays." *Id*. ¶ 2. Plaintiffs allege that the Petition "has been sitting with the National Visa Center for around 2 years," during which time the Petition became "documentarily qualified" and is "in the queue for an interview," though "no interview date has been yet set." *Id*. ¶¶ 2, 19; *see also A. Tate Decl*. [#13-1] ¶ 6 (declaring that the Petition became documentarily complete on March 26, 2025, just 10 months ago). Plaintiffs contend that the National Visa Center has unreasonably delayed scheduling Plaintiff Ogbede's interview, in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 551-559. *Id*. ¶¶ 11, 22-23. They further contend that 5 U.S.C. § 555(b) obligates Defendant to make a decision on the Petition within a reasonable time. *Id*. ¶ 22. Consequently, Plaintiffs seek mandamus relief "to compel [D]efendant[] to perform a duty owed to [P]laintiff[s]"; namely, to "set the matter for an interview." *Id*. ¶¶ 25, 27.

Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1), arguing that the Court "lacks subject-matter jurisdiction over Plaintiffs' APA claim for unreasonable delay because [Plaintiffs] do not identify a mandatory duty owed by Defendant." *Motion* [#13] at 5; *Reply* [#21] at 1-4. Defendant further argues that Plaintiffs are not entitled to mandamus relief because "[a] writ of mandamus 'is not available when review by other means is possible,'" and "the APA is an adequate alternate remedy—though Plaintiffs fail to

establish an actionable clear, non-discretionary duty to schedule a visa interview." *Motion* [#13] at 7. Finally, Defendant presents an alternative argument, "if the Court assumes Defendant owes Plaintiffs a mandatory duty": Dismissal under Fed. R. Civ. P 12(b)(6) is warranted because "Plaintiffs fail to state a claim that Defendant violated that duty." *Id*. at 8. Defendant therefore argues that Plaintiffs fail to justify the extraordinary remedy of a court-imposed deadline to complete Plaintiff Ogbede's interview. *Id*.

## II.  Legal Standards

### A.    Fed. R. Civ. P. 12(b)(1)

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). In other words, "[a] Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter." *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1108 (10th Cir. 2019). Because federal courts are tribunals of limited jurisdiction, the Court must establish a statutory basis to exercise jurisdiction. Fed. R. Civ. P. 12(b)(1); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court may only exercise jurisdiction "in the presence rather than the absence of statutory authority." *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (quoting *Wyeth Lab'ys. v. U.S. Dist. Ct.*, 851 F.2d 321, 324 (10th Cir. 1988)). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

### B.    Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the

3

sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. Analysis

### A.     APA Claim for Unreasonable Delay

The APA permits a court to "compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). To bring an actionable APA claim under § 706(1), a plaintiff must "assert[] that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in the original). A court may only "compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing *how* it shall act." *Id*. (emphasis in the original) (internal quotations and citation omitted). In the absence of the government's specific, non-discretionary duty to act, a court lacks subject matter jurisdiction over APA claims for unreasonable delay. *Niknam v. U.S. Dep't of State*, No. 23-cv-01380-PAB-SBP, 2024 WL 709636, at *3 (D. Colo. Feb. 21, 2024) (citations omitted).

Many courts faced with the issue presented in this case "have concluded that State Department officials do not have a mandatory, non-discretionary duty to schedule a visa interview for a family-based visa petition." *Id*. (collecting cases). The situation presented parallels the situation in *Niknam*. There, the U.S. citizen plaintiff had applied for an I-130 relative visa petition for her sister, an Iranian citizen. 2024 WL 709636, at *1. After nearly two months, the United States Citizenship and Immigration Services approved the visa

4

petition and forwarded the application to the State Department's National Visa Center for further processing. *Id*. Once the application became documentarily complete, it was sent to the U.S. Embassy in Ankara, Turkey, for the scheduling of an interview. *Id*. The plaintiff commenced litigation after the embassy failed to schedule an interview or issue a final decision on the application despite the plaintiff's multiple follow-up attempts. *Id*. As in this case, the *Niknam* plaintiff sought relief under the APA for what she claimed was an unlawfully withheld and unreasonably delayed decision on the visa application. *See id*. at *2-3. Like Plaintiffs in this case, the *Nikmam* plaintiff sought to invoke the court's subject-matter jurisdiction because the defendant's "have a nondiscretionary duty to adjudicate [her] sister's visa application in a timely manner and in order to make a decision, the consular officer must conduct an interview first." *Id*. at *3.

Drawing on multiple cases across different jurisdictions, the court determined that the plaintiff "failed to establish that [the] defendants have a specific, nondiscretionary duty to schedule her sister's visa interview." *Id*. (collecting cases). The court also rejected the plaintiff's claim that 5 U.S.C. § 555(b) "impose[d] a nondiscretionary duty to schedule a visa interview" because that statutory provision "merely restates a principle of good administration." *Id*. at *4 (quoting *Ali v. U.S. Dep't of State*, 676 F. Supp. 3d 460, 470 (E.D.N.C. 2023)).

The Court agrees with the reasoning in *Niknam*. Plaintiffs, who bear the burden of establishing that subject matter jurisdiction exists, point to no language that creates a specific, non-discretionary duty. In fact, in support of their APA claim, Plaintiffs present less than two pages of argument—without *any* citation to case law—and do not even articulate the words "duty" or "non-discretionary". *See Response* [#19] at 1-2. While their

5

Complaint invokes 5 U.S.C. § 555(b), no specific, non-discretionary duty exists in that provision. Perhaps Plaintiffs rely on the following sentence:

> So far as the orderly conduct or public business permits, an interested person may appear before an agency or its responsible employees for the presentation, adjustment, or determination of an issue, request, or controversy in a proceeding . . . in connection with an agency function.

Nothing in that sentence, however, imposes a nondiscretionary duty to schedule a visa interview. Perhaps, then, Plaintiffs rely on this sentence:

> With due regard for the convenience and necessity of the parties or their representative and within a reasonable time, each agency shall proceed to conclude a matter presented to it.

But this sentence also does not impose a nondiscretionary duty to schedule a visa interview. The Court thus agrees with many other courts that have concluded that 5 U.S.C. § 555(b) "merely restates a principle of good administration." *Niknam*, 2024 WL 709636, at *4 (collecting cases).

The statutes that specifically govern visa petitions, 8 U.S.C. §§ 1201-1204, also do not create a specific, non-discretionary duty for the State Department to conduct the interview. Section 1202 merely requires a consular officer to "review[] and adjudicate[] all immigrant visa applications[.]" *See also Niknam*, 2024 WL 709636, at *3 (collecting cases).

Plaintiffs have failed to demonstrate that the National Visa Center has a clear, nondiscretionary duty to schedule Plaintiff Ogbede's interview. While the Court appreciates the trying circumstances Plaintiffs face in light of Ms. Ogbede's cancer diagnosis, Plaintiffs bear the burden of identifying a statute that gives rise to a specific, non-discretionary duty to schedule an interview. That burden does not rest with the Court. Because Plaintiffs have failed to meet their burden, the Court finds that it lacks subject

6

matter jurisdiction to review Plaintiffs' APA claim for unreasonable delay. Accordingly, Plaintiffs' APA claim is **dismissed without prejudice**.

**B.     Mandamus Claim**

Plaintiffs seek mandamus relief "to compel [D]efendant[] to perform a duty owed to [P]laintiff[s]"; namely, to "set the matter for an interview." *Compl.* [#1] ¶¶ 25, 27. "Mandamus is a drastic remedy, available only in extraordinary circumstances." *W. Shoshone Bus. Council ex rel. W. Shoshone Tribe of Duck Valley Rsrv. v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993) (citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34-35 (1980)). Mandamus relief is unavailable "[w]hen review by other means, such as under the APAP, is possible[.]" *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1111 n.10 (10th Cir. 2023) (citing *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394 (1976)).

Because Plaintiffs have failed to "identify[] a discrete, legally required duty left undone, they cannot resort to mandamus as an alternative." *Jajermi v. Rubio*, No. 24-cv-02471-SBP, 2025 WL 2720594, at *6 (D. Colo. Sept. 24, 2025). Accordingly, Plaintiff's mandamus claim is **dismissed without prejudice**.

### IV. Conclusion

For the reasons set forth above, IT IS **ORDERED** as follows:

(1)     Defendant's Motion to Dismiss [#13] is **GRANTED**;

(2)     Plaintiffs' Complaint [#1] is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

(3)     The Clerk of Court shall **TERMINATE** this matter.

Dated: January 26, 2026                                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge